UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

KENNETH WALKER,
INDIVIDUALLY AND AS
THE NATURAL GUARDIAN
OF AMIR WALKER, AN INFANT,

                      Plaintiffs,        VERIFIED COMPLAINT
                                                       AND DEMAND FOR
    -against-                             A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
SARGEANT BRIAN WINROW,
N.Y.C. POLICE OFFICER RYAN
BOYLAN, EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                      Defendants.

-------------------------------------------------------X

    1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

                                             JURISDICTION

    2.   This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3.  Plaintiffs are residents of New York City, Bronx County, State of New York.

4.  At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5.  At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6.  That upon information and belief NYPD was responsible for the training of its officers.

7.  That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8.  That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9.  On or about June 20, 2015, at approximately 8:00 P.M., plaintiff Kenneth Walker was driving his vehicle in the vicinity of 750 E. 179th Street, in Bronx, New York, with his 8 year old son Amir Walker in the back seat.

10.  Plaintiffs were about to drop off some blueberries that Kenneth Walker had bought for his mother.

11.  As Plaintiff was pulling up towards his mother's building he was confronted by a plainclothes police officer, who neither identified himself as a police officer nor acted like a police officer.

12.  This police officer, later identified as Sgt. Brian Winrow, proceeded to scream at

2

plaintiff Kenneth Walker, and ultimately ordered him out of his vehicle.

13. Kenneth Walker complied with the officer's request.

14. After Kenneth Walker got out of his car and inquired what he had done wrong, Sgt. Winrow proceeded to assault Kenneth Walker in full view of infant Amir Walker, who was watching from the back seat of the vehicle.

15. Officer Ryan Boylan assisted in the arrest of Kenneth Walker and unjustifiably failed to intervene in the assault by his fellow officer Sergeant Winrow.

16. Kenneth Walker was then falsely arrested by the defendant police officers.

17. Plaintiff Kenneth Walker was held for about 24 hours before being seeing a judge at arraignment and being released.

18. On March 13, 2017, plaintiff Kenneth walker was found not guilty after a bench trial by the Honorable Laurence Bushing (Docket # 2015BX028287).

19. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

20. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of unlawful conduct by these officers, but failed to take appropriate steps to eliminate such unlawful acts.

21. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

22. On August 24, 2015, and again on March 24, 2017, Notices of Claim were served by plaintiffs upon the Defendant New York City, setting forth:

      1.     The name and post office address of the Claimant and his attorney;

      2.     The nature of the claim;

      3.     The time when, the place where, and the manner in which the claim arose;

      4.     The items of damages and injuries sustained so far as practicable.

23. The Notices of Claim were served upon the Defendants within 90 days after Plaintiff's several causes of action accrued.

24. More than thirty days have elapsed since the Notices of Claim were served upon the City of New York.

25. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

26. Plaintiffs have made themselves available for an inquiry of their claims as provided by § 50-H of the General Municipal Law, but no 50-H hearing was conducted.

27. This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

28. Plaintiffs have duly complied with all of the conditions precedent to the commencement of this cause of action.

## FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS: FALSE ARREST

29. Plaintiffs reiterate and reallege the facts stated in paragraphs 1-28 as if stated fully herein.

30. As a result of their actions, defendants, under "Color of law", deprived each plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

4

31. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

32. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS: EXCESSIVE FORCE

33. Plaintiff reiterates and realleges the facts stated in paragraphs 1-32 as if stated fully herein.

34. As a result of their actions, defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

35. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

36. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

37. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Claim)

38. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

39. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

40. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## FOURTH CAUSE OF ACTION FOR
## VIOLATION OF STATE LAW: MALICIOUS PROSECUTION
(As to Plaintiff Kenneth Walker Only)

41. Plaintiff reiterates and realleges the facts stated in paragraphs 1-40 as if stated fully herein.

42. On March 13, 2017, plaintiff Kenneth walker was found not guilty after a bench trial by the Honorable Laurence Bushing (Docket # 2015BX028287).

43. The criminal prosecution of plaintiff was initiated without probable cause, with malice and was resolved in his favor.

44. Both defendants were active participants in the criminal prosecution and are both liable.

## FIFTH CAUSE OF ACTION FOR
## VIOLATION OF STATE LAW: INTENTIONAL/
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(As to Both Plaintiffs)

45. Plaintiffs reiterate and reallege the facts stated in paragraphs 1-40 as if stated fully herein.

46. Defendants outrageous conduct took place in full view of infant Amir Walker,

6

who was severely traumatized by witnessing his father being arrested and physically brutalized.

47. Plaintiff Kenneth Walker was also caused to suffer emotional distress due to this incident.

48. Both defendants were active participants and, thus, both are liable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendant officers for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants officers for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demands a trial by jury.

Dated: New York, New York
June 22, 2017

          **RESPECTFULLY,**

          **/s/**

          **STEVEN A. HOFFNER, ESQ.**
          Attorney for the Plaintiff
          325 Broadway, Suite 505
          New York, New York 10007
          (212) 941-8330

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       June 22, 2017

　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　STEVEN A. HOFFNER, Esq.
　　　　　　　　　　　　　　　　　　　(SH-0585)

9